FRANK GOOCH III (CA Bar No. 70996)
 fgooch@cozen.com
AMY B. ALDERFER (CA Bar No. 205482)
 aalderfer@cozen.com
COZEN O'CONNOR
401 Wilshire Boulevard, Suite 850
Santa Monica, California 90401-1000
Telephone:  (310) 393-4000
Facsimile:  (310) 394-4700

JAMES A. GALE (FL Bar No. 371726)
(*to be admitted pro hac vice*)
 jgale@cozen.com
SAMUEL A. LEWIS (FL Bar. No. 55360)
(*to be admitted pro hac vice*)
 lewis@cozen.com
DAVID M. STAHL (FL Bar. No. 84713)
(*to be admitted pro hac vice*)
 dstahl@cozen.com
COZEN O'CONNOR
200 South Biscayne Blvd., Suite 3000
Miami, Florida  33131
Telephone:  (305) 358-5001

Attorney for Plaintiffs
*McLaren Insurance Solutions, LLC, and
Maxim Health, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCLAREN INSURANCE SOLUTIONS, LLC, a California limited liability company, and MAXIM HEALTH, INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ABS HEALTHCARE SERVICES, LLC, a Florida limited liability company, HEALTH OPTION ONE, LLC, a Florida limited liability company, MY AGENT SOLUTION, LLC, a Florida limited liability company, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br> **(1) FALSE ADVERTISING UNDER THE LANHAM ACT SECTION 43(A); AND** <br> **(2) UNFAIR COMPETITION (CALIF. BUS. & PROF. CODE § 17200).** <br><br> **DEMAND FOR JURY TRIAL** |

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

1
COMPLAINT

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

Plaintiffs McLaren Insurance Solutions LLC ("McLaren") and Maxim Health, Inc. ("Maxim") (collectively, "Plaintiffs"), for their Complaint against defendants ABS Healthcare Services, LLC ("ABS"), Health Option One, LLC ("HOO"), and My Agent Solutions, LLC ("MAS") (collectively, ABS, HOO, and MAS will be referred to as "ICD"), and Does 1 through 20, inclusive, (collectively, "Defendants"), allege as follows:

## INTRODUCTION

1.      This dispute involves a malicious scheme by Defendants to surreptitiously prey on the most vulnerable citizens of California and other states—those who do not have access to affordable employer-sponsored health insurance plans because they have lost their jobs, are unemployed or self-employed, or have lost their group or individual health insurance.

2.      Defendants' scheme, masterminded by Seth Cohen, Rob Hodes, and Luis Silvestre, involves operating websites under unregistered fictitious names, such as "Affordable Healthcare of California," in which Defendants falsely associate themselves with well-known providers of health insurance such as Blue Cross and Blue Shield and Kaiser Permanente through the use of counterfeit marks, and falsely represent that the non-existent entity (which is really ICD or other Defendants operating under an unregistered fictitious and deceptive name) will help the unwary consumers find the "best Health Coverage at the lowest price." Some of Defendants' websites then falsely claim to have information updated as of the date the user accessed Defendants' website, and then, regardless of the day, time, or region, purport to claim that Defendants have "Located 50+ Health Plans and Discounts Near You", including "17 Obamacare Plans", "4 HMO Plans", and "5 PPO Plans, "11 Bronze Plans", "13 Silver Plans", and "8 Gold Plans."

3.      In order to obtain quotes, however, regarding these purported "health plans", the unwary consumer is required to enter personal information, including a phone number and email.  If a consumer provides a telephone number, Defendants

will immediately provide that phone number to one of several call centers under Defendants' direction and control that Defendants require to exclusively sell the limited benefit indemnity plans that Defendants allow these call centers to sell.  .

4.     None of these plans sold by Defendants or their agents, however, are comprehensive insurance plans as implied by the names "Obamacare Plans," "HMO Plans", "PPO Plans," "Bronze Plans," "Silver Plans", "Gold Plans", etc. as promised on their website.[1]  Rather, at best, these call centers under Defendants' control are only permitted to offer limited benefit indemnity plans to consumers.

5.     Moreover, Defendants use coercive and strong-arm tactics to ensure that their call centers are unable to offer comprehensive insurance plans to consumers. Defendants do this because while they are able to earn huge margins on the limited benefit indemnity plans that are not subject to the Affordable Care Act's 80/20 Rule, Defendants margins on comprehensive insurance plans are much smaller.

6.     At best this is a deceptive "bait-and-switch" tactic, but more likely, Defendants are hoping that consumers will purchase these limited benefit indemnity plans believing that they are either actually purchasing comprehensive health insurance or at least purchasing insurance from one of the well-known health insurer's whose counterfeit marks appear on Defendants' websites.  These unsuspecting customers only realize the extent of Defendants' deception when it is too late—that is, after they actually need health care and are stuck with enormous bills not covered by the limited benefit plans sold by Defendants. The Defendants' scheme coerced these unsuspecting consumers into a limited benefit plan solely to pad the Defendants' pockets on the backs of unsuspecting victims.

7.     In furtherance, of this scheme, while marketing itself as one of the "largest health and life insurance agencies in the country," ICD has engaged in the

---

[1] Section 1302 of the Patient Protection and Affordable Care Act (42 U.S. Code § 18022) defines four "metal" categories  for Essential Health Benefits packaged based on the level of coverage.  *See also* https://www.healthcare.gov/choose-a-plan/plans-categories/ ("The 'metal' categories: Bronze, Silver, Gold & Platinum").

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

unlawful practice of conducting the business of insurance without a licensed agent in charge designed by ***and providing services to the agencies*** at all times as required by, *inter alia*, section 626.0428(f), Florida Statutes.

8.     Specifically, ICD has deceptively designated Seth Cohen's father, Arnold Cohen, as the Agent in Charge even though Arnold Cohen admittedly provides no services to the agencies.  In fact, when Arnold Cohen was asked under oath what services he provides to ICD, Arnold Cohen testified:

**"Figurehead, [like the] Queen of England."**

When Arnold Cohen was asked if there was "anything you do other than act as a figurehead for Insurance Care Direct", Arnold Cohen testified:

**"I sign checks or whatever else they give me to sign. . . . Most of the time I don't read it.  I Don't care."**

Arnold Cohen testified that ICD sells insurance, but he had no knowledge of what type of health insurance ICD sells.

9.     When Arnold Cohen was asked under oath whether he was the agent in charge for Insurance Care Direct, he testified that he was "not sure."  Arnold Cohen also testified that he did not remember if he had ever given anyone authorization to list him as the agent in charge for ICD.

10.     Similarly, Arnold Cohen testified that he did not know if he was licensed to sell insurance in California even though both ABS and HOO list Arnold Cohen as their sole endorsed agent in California.

11.     As such, it is evident that Arnold Cohen, despite being listed as ICD's agent in charge, is not, and has not for many years, been providing any services to ICD.  Rather, Arnold Cohen's son, Seth Cohen, is using his father's name to escape liability should insurance regulators ever investigate ICD's deceptive trade practices.

12.     In October 2018, the Federal Trade Commission filed a complaint in federal court against Simple Health Plans LLC, Steven J. Dorfman, and five other entities, alleging that they were operating a similar deceptive enterprise to that which

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

Defendants were also then operating and continue to operate to date.

13.     In response to the FTC's action against Simple Health, Defendants, rather than changing its ways, sought to insulate itself from both federal and state regulators by hiring former politicians to give the false appearance that ICD was a legitimate insurance agency, when in fact, ICD's entire business is premised on misleading and deceiving unsuspecting consumers.

14.     By way of example, shortly after the FTC filed its complaint against Simple Health, ICD hired former United States Senator and Governor of Nebraska E. Benjamin Nelson to act as its Chief Executive Officer.  Senator Nelson was supposed to succeed Seth Cohen as the CEO of ICD.

15.     In reality, however, Senator Nelson, like ICD's putative "agent in charge" Arnold Cohen, is only a figurehead as Seth Cohen and co-conspirators Rob Hodes and Luis Silvestre, continue to control every aspect of ICD's business, including ICD's false advertising and deceptive trade practices.

16.     Worse yet, Senator Nelson, falsely claimed in a press release that he was "committed to ensuring [ICD] operate[s] at the highest level of integrity and ethics". Either Senator Nelson is unaware of ICD's operations because he was hired only to be a figurehead and to deceive state and federal regulators into believing ICD would not engage in these deceptive practices, or Senator Nelson is aware of ICD's predatory conduct and has been helping ICD avoid state and federal regulators.

17.     Similarly, if Senator Nelson were truly "committed" to "integrity and ethics", Senator Nelson would not allow ICD to engage in the unlawful practice of allowing Arnold Cohen to remain as ICD's Agent in Charge when Senator Nelson knew that Arnold Cohen was not providing any services to ICD.

18.     Similarly, at around the same time, ICD hired John Doak, former Oklahoma Insurance Commissioner, as Executive Vice President of Regulatory Affairs, and shortly thereafter promoted him to Chief Operating Officer.

///

19.     In a press release announcing the promotion of Mr. Doak to COO along with the hiring of Christa Rapoport as General Counsel and Chief Compliance Officer, Seth Cohen, then purportedly a "Co-Chair of ICD", claimed that ICD "continue[s] to invest in talent, technology, and our risk and compliance management infrastructure ***to protect consumers*** and ensure compliance with all regulatory requirements. The hiring of Christa as well as Ben, and promoting John, demonstrates our commitment to operating our business at the highest possible legal, ethical, and operational standards to help us remain best-in-class in our industry."  This statement was made in furtherance of Defendants' scheme to deceive the public with their bait-and-switch tactics as ICD's product offering is anything but "best-in-class" in the health insurance industry.

20.     If these board members and executives did not know about the blatant deception that is taking place on Defendants' health-exchange.com website, before they certainly have notice of what his happening under their watch as of the filing of this lawsuit.  As such, if Defendants do not immediately remove all of these false and deceptive websites, it will be evident that the John Doak, Christa Rapoport, and Senator Nelson are active participants in Defendants' scheme.

21.     Yet, despite these representations by Mr. Cohen that ICD was committed to protective consumers and operating "its business at the highest possible legal [and] ethical . . . standards", ICD only doubled-down on its efforts to prey on defenseless consumers using unregistered fictitious names and unlawful websites.

22.     Similarly, if Mr. Doak and Ms. Rapoport were truly hired to "ensure compliance with all regulatory requirements", Mr. Doak and Ms. Rapoport would not have permitted ICD to engage in the unlawful practice of allowing Arnold Cohen to remain as ICD's Agent in  Charge when Mr. Doak and Ms. Rapoport knew that Arnold Cohen was not providing any services to ICD.

23.     Plaintiffs compete with ICD and the other Defendants for customers.  As a result of Defendants' false advertising and unfair competition, Plaintiffs have lost

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

1  customers who were deceived by Defendants' deceptive trade practices.

2      24.    Accordingly, Plaintiffs seek redress for Defendants' deliberate and
3  unlawful false and misleading representations regarding the insurance plans that
4  Defendants offer, including but not limited to the Defendants' profits earned from this
5  unlawful and deceptive scheme.  Plaintiffs also seek redress for the unfair, unlawful
6  and deceptive business practices of Defendants in California and nationwide.

7  **<u>The Parties, Jurisdiction, and Venue</u>**

8      25.    Plaintiff McLaren is a California limited liability company with its
9  principal place of business in Los Angeles County, California.  All members of
10  McLaren are residents of California.

11      26.    Plaintiff Maxim is a California corporation with its principal place of
12  business in Los Angeles, California.

13      27.    Defendant ABS is a Florida limited liability company that is licensed by
14  the State of California to solicit insurance business in this state and which in fact does
15  solicit insurance business in this state.  Additionally, ABS has committed tortious acts
16  causing harm to consumers in California and causing harm to Plaintiffs in California.
17  On information and belief, no members of ABS are residents of California.

18      28.    Defendant HOO is a Florida limited liability company that is licensed by
19  the State of California to solicit insurance business in this state and which in fact does
20  solicit insurance business in this state.  Additionally, HOO has committed tortious
21  acts causing harm to consumers in California and causing harm to Plaintiffs in
22  California.  On information and belief, no members of HOO are residents of
23  California.

24      29.    Defendant MAS is a Florida limited liability company that is registered
25  to do business in California and in fact has employees in California.  Additionally,
26  MAS has committed tortious acts causing harm to consumers in California and
27  causing harm to Plaintiffs in California.  On information and belief, no members of
28  MAS are residents of California.

30.     ICD is subject to personal jurisdiction in California because, *inter alia*, ICD operates the websites that specifically target California consumers.  By way of example, the website "https://california.health-exchange.com" contains a banner portending that the website is operated by an entity doing business under the name: "Affordable Healthcare *of* **California**".  Similarly, at the bottom of the webpage, there is a copyright notice claiming that the owner of the copyright in the webpage is "Affordable Healthcare *of California*."  If ICD were not operating under the trade name "Affordable HealthCare of California", this notice on ICD's webpage would be a criminal offense pursuant to 17 U.S.C. § 506(c).

31.     Additionally, on this website, and on at least five other websites owned and controlled by ICD, ICD has placed an option that states "Exercise Your Rights". If the consumer selects that option, he or she is redirected to another website with a form to fill out.  At the bottom of the form is an "acknowledgement" wherein the consumer is required to acknowledge the following: "By submitting this form, *I confirm I am a resident of California* and that the information I have provided is accurate." (emphasis added).  The following copyright notice appears at the bottom of this form:  "© 2019 ABS Health, LLC. All Rights Reserved."

32.     Recently, ICD has added a "Licensing and Legal Information" link to some of these websites indicating that the websites are "privately owned and operated by My Agent Solution, LLC".

33.     This action arises under 15 U.S.C. § 1125(a) and Cal. Bus. & Prof. Code § 17200.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1367 (supplemental jurisdiction). This Court also has subject matter jurisdiction over the state law claim pursuant to 28 U.S.C § 1332 (diversity) because Plaintiffs and ICD are citizens of different states and the matter in controversy exceeds $75,000.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

COMPLAINT

34.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**Defendants' Scheme to Deceive Consumers**

35.     Defendants, through a network of call centers and insurance agents that they direct and control, sell limited benefit plans, also known as limited benefit indemnity plans and hospital indemnity plans; and medical discount and wellness program memberships to consumers in California and throughout the United States.

36.     Defendants obtain information about consumers that Defendants prey on to sell their limited benefit plans and discount memberships through, *inter alia*, a network of lead generation websites operated by Defendants that contain false and misleading information in order to lure unsuspecting customers to do business with Defendants.

37.     These lead generation websites typically claim that the website will provide quotes for comprehensive health insurance, including insurance available through the marketplaces established pursuant to the Affordable Care Act ("ACA"). In many cases, the sites refer to the ACA and Medicare and use terms associated with the ACA, such as "Obamacare," the "Obamacare Marketplace," and metal tier plans such as "Bronze Plans," "Silver Plans", and "Gold Plans."  The sites also contain counterfeit marks in the form of branded logos of well-known insurance carriers, such as Blue Cross Blue Shield, Humana, Coventry, Molina, TUFTS, United Healthcare, Aetna, Cigna, AmeriHealth, and Kaiser Permanente. This was a slick, well-oiled marketing machine that deliberately groomed and took advantage of people who were vulnerable.

38.     An example of just one of the many false and deceptive lead generation websites operated by Defendants is the website "health-exchange.com".  To begin with, the name of the URL itself is deceptive as consumers looking for health insurance associate the term "Health Exchange" with the "Health Insurance

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

1  Marketplace®" which is generally run by, or affiliated with the federal or state

2  governments.

3      39.    For example, in California, the official Health Exchange Marketplace is

4  CoveredCa.com and is sponsored by the California Health Benefit Exchange d/b/a

5  Covered California and the California Department of Health Care Services.

6      40.    If a resident of California accesses "health-exchange.com", they are

7  presented with a webpage substantially similar to the following:



Figure A (http://california.health-exchange.com)

21      41.    Defendants falsely represent on this webpage that the webpage is

22  operated by a non-existent entity called "Affordable Healthcare of California".  The

23  webpage indicates that the consumer can use this service to "Compare Lowest 2021

24  Health Plans in **CALIFORNIA**", and that Defendants "will find" the unsuspecting

25  consumer "the best Health Coverage at the lowest price," and that Defendants have

26  "helped **millions of American** just like you save big on their health insurance plan."

27

28

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

COMPLAINT

42.     Immediately below this promise, Defendants include ten (10) counterfeit marks for well-known health insurance provides:



Figure B (http://california.health-exchange.com)

The sole purpose for including these counterfeit marks is to deceive consumers into believing that Defendants are affiliated with these well-known insurance carriers and that Defendants will help the consumer receive discounted insurance from these carriers.

43.     Pursuant to 18 U.S.C. § 230, knowingly trafficking in services using a counterfeit mark in connection with those services constitutes a criminal offense. Pursuant to 18 U.S.C. § 1961, such indictable counterfeiting activity constitutes "racketeering activity."  Moreover, pursuant to 18 U.S.C. § 1962 it is unlawful for any person, such as Defendants here, to engage in a pattern of such racketeering activity.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

44.     Just below the counterfeit marks, Defendants claim to have information updated as of the date the unwary consumer accessed Defendants' website, and then, regardless of the day, time, or region, purports to claim that Defendants have "Located 50+ Health Plans and Discounts Near You", including "17 Obamacare Plans", "4 HMO Plans", "5 PPO Plans, "11 Bronze Plans," "13 Silver Plans", "8 Gold Plans", "7 Medicare Plans," and "5 Short Term Plans":



Contrary to the Defendants' misrepresentation to consumers, however, Defendants do not search any database or any other source to "locate" these purported "50+ Health Plans and Discounts."   Rather these are just arbitrary numbers that are hard-coded into the HTML file that Defendants present to the user, and these numbers do not change regardless of the date, time, or location of the consumer when the consumer accesses the site.   However, Defendants' deceptive practices do not end with false statements regarding the number of available plans.   The deception continues when a user clicks on any of the "Get Pricing Now" links.   Instead of being redirected to a site that will provide the user with pricing for any of the categories of health plans listed on the website, the user is not redirected to a site with information regarding

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

that type of plan.  Instead, all of the "Get Pricing Now" links unknowingly redirected the user to one page that requests the user's information, which Defendants then pass along to call centers regardless of whether the call center sells the type of health plan the website falsely claimed was available.

45.     By way of example, the above images are from a webpage accessed as would be seen by a California consumer on June 7, 2021.  The image below is the information that was shown to an unwary consumer from Virginia on August 5, 2020.  Just as with the California consumer in June 2021, Defendants represented to this Virginia consumer nearly a year earlier that it had also located the exact same number of health plans and discounts near that consumer in Virginia, and with the exact same breakdown of "17 Obamacare Plans", "4 HMO Plans", "5 PPO Plans, "11 Bronze Plans," "13 Silver Plans", "8 Gold Plans", "7 Medicare Plans," and "5 Short Term Plans."  In fact, the only difference between the information presented to the Virginia consumer in August 2020 and the California consumer in June 2021 is that Defendants used a different fake name when presenting the false and misleading information to the Virginia consumer (compare "Affordable Healthcare of Virginia" with "Affordable Healthcare of California"), and the date in which the date next to "Lowest Health Rates Updated" was "8/5/2020" when the site was accessed in August 2020 versus "6/7/2021" when accessed nearly a year later from

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

1  California.

2      46.     The consumer, believing that Defendants will help him or her find the

3  best health insurance available from well-known entities such as Blue Cross and

4  Blue Shield at the lowest price available, enters his or her zip code and asks to

5  "Compare Plans".  Defendants' deceptive practices then continue as on the next



24  webpage, Defendants continue to use the counterfeit marks of the well-known health

25  insurance companies, and represents to the consumer that by providing personal

26  information, Defendants will provide "instant health plan quotes" in the consumer's

27  city.  Worse yet, Defendants represent that they will help the consumer locate

28  "Obamacare discounts," "Official Exchange Rates," and "Individual & Family

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

Plans."

47.    If the consumer enters the requested personal information, however, Defendants do not provide "instant health plan quotes" as promised.  Rather, Defendants present the consumer with yet another web page that again includes the counterfeit marks for the well-known health insurers.  This time, Defendants claim that they have found "found plans and discounts" in the unwary consumer's city, and that they are "processing quotes" and matching the consumer with, *inter alia*, "Obamacare Subsidies," "Low Deductibles," "Low Copays", "HMO & PPO Plans", and "Bronze, Silver, Gold Plans."  In order to obtain these "quotes" however, the user is required to enter contact information, including a phone number and email address, and then select "Compare Plans":

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

48.     If the user selects "Compare Plans," Defendants do not provide the consumer with any quotes nor any other information to "compare plans."  Rather Defendants simply inform the consumer that their "customized Health Insurance quote is ready," that Defendants have "located low rates and discounts for this customer profile," that a "dedicated, friendly, licensed insurance agent will contact you shortly to review your rates from top carriers and find the best policy for your needs and budget," and that Defendants "look forward to helping you save BIG on your Health Insurance policy"

49.     In most cases, shortly after entering this information, the consumer receives a call inquiring if the consumer is still interested in health insurance.  This call, however, is not from a licensed insurance agent, but rather a non-licensed agent who first inquires if the consumer is interested in purchasing insurance, and a few other questions such as the person's age, and questions about whether the consumer has any pre-existing medical conditions, or is pregnant.

50.     At some point, the consumer is transferred to a person purporting to be a licensed insurance agent.  This agent, however, does not provide the consumer with any quotes for "Obamacare plans", "HMO and PPO Plans", or any other type of comprehensive health insurance that would include deductibles and copays.  Nor does the agent provide the consumer with any quotes from any of the ten health insurance companies that consumers associate with the counterfeit marks on Defendants' websites.

51.     Rather the agent, who in almost all cases works for a call center which is contractually obligated to sell insurance exclusively on behalf of Defendants and which Defendants only allow to sell limited benefit plans, also known as limited benefit indemnity plans and hospital indemnity plans, and medical discount and wellness program memberships.  At best, the consumers who ultimately purchase these plans have been deceived by Defendants' false association with well-known health care insurers and Defendants' deceptive bait-and-switch tactics.  In many cases, however, Defendants tactics result in unwary consumers believing they are actually purchasing comprehensive health insurance from "top carriers."  It is only when these defenseless consumers need the insurance most, such as after a serious illness or accident, that these consumers become aware of Defendants scheme.

52.     In addition to the health-exchange.com website, Defendants operate at least ten other similar websites:

http://www.comparehealthplan.online/

https://directhealthrates.com/

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

1    https://obamacare-plans.org/

2    https://www.insurance-save.com

3    http://bluecross.insurance-save.com  [Defendants do not offer this product]

4    https://aetna.insurance-save.com  [Defendants do not offer this product]

5    https://cigna.insurance-save.com  [Defendants do not offer this product]

6    https://humana.insurance-save.com  [Defendants do not offer this product]

7    https://bluecross.insurancehealthcenter.com/

8    https://healthcare-innovators.com

9    https://www.health-compare.com/

10    53.    On information and belief, Defendants operate numerous other

11   similarly deceptive websites and/or contract with third-parties to operate deceptive

12   websites.

**Defendants Improperly and Deceptively Designate Arnold Cohen as the Agent in Charge of ICD to Allow Non-Licensed Individuals to Unlawfully Conduct the Business of Insurance**

54.    Section 626.0428(f), Florida Statutes, requires that "[a]n insurance agency location may not conduct the business of insurance unless an agent in charge is designated by, and providing services to, the agency at all times."

55.    For many years, ICD has improperly and deceptively designated Arnold Cohen as its agent in charge, even though Arnold Cohen admittedly provides no services to the agencies.  In fact, when Arnold Cohen was asked under oath what services he provides to ICD, Arnold Cohen testified:

**"Figurehead, [like the] Queen of England."**

When Arnold Cohen was asked if there was "anything you do other than act as a figurehead for Insurance Care Direct", Arnold Cohen testified:

**"I sign checks or whatever else they give me to sign. . . . Most of the time I don't read it.  I Don't care."**

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

1  Arnold Cohen even testified that while ICD sells insurance, he had *no knowledge* of

2  *what type* of health insurance ICD sells.

3       56.    When Arnold Cohen was asked under oath whether he was the Agent in

4  Charge for Insurance Care Direct, he testified that he was "not sure."  Arnold Cohen

5  also testified that he did not remember if he had ever given anyone authorization to

6  list him as the agent in charge for ICD.

7       57.    As such, it is evident that Arnold Cohen, despite being listed as ICD's

8  Agent in Charge, is not, and has not for many years, been providing any services to

9  ICD.  Rather, Arnold Cohen's son, Seth Cohen, is using his father's name to escape

10  liability should insurance regulators ever investigate ICD's deceptive practices.

**Defendants Hire Former Governors and Insurance Commissioners to Escape**
**Scrutiny from the FTC and State Regulatory Agencies**

13       58.    Defendants' scheme is nearly identical to that run by Simple Health and

14  Dorfman up until the FTC took action to shutdown Dorfman's and Simple Health's

15  operations in 2018.

16       59.    By way of example, the FTC noted that one of the false and deceptive

17  websites used by Dorfman and Simple Health was a website accessible via the url

18  https://obamacare-plans.com.  According to the FTC, the "Obamacare-plans.com"

19  website was false and deceptive because the website purported to be associated with

20  health insurers such as Blue Cross Blue Shield Association and used counterfeit

21  marks for those health insurers on the website.  The website was also false and

22  deceptive because the website used terms associated with the ACA such as

23  "Obamacare."  Just as with Defendants' websites, users who entered personal

24  information on the Obamacare-plans.com website were contacted by call centers

25  that only sold limited benefit plans.

26       60.    Defendants' website, https://obamacare-plans.org, is nearly identical to

27  the Obamacare-plans.com website identified by the FTC.  Moreover, the

28  Obamacare-plans.org website is used by Defendants to lure defenseless customers

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

into purchasing limited benefit plans from lesser-known carriers when the consumers were looking for comprehensive health insurance from well-known carriers.  Despite the similarities between Defendants' websites and those targeted by the FTC, Defendants have been able to continue to run their false and deceptive websites without interference from the FTC or any of the state regulatory agencies.

61.     How were Defendants able to do this?  The answer is simple—money and politics.

62.     Defendants have received hundreds of millions of dollars over the years by deceiving defenseless consumers.

63.     Defendants have used these exorbitant profits to effectively bribe former politicians to act as a front for Defendants and conceal the true nature of Defendants' marketing scheme.

64.     Specifically, Defendants have hired two former governors, one of whom also served as a U.S. Senator, and a former insurance commissioner.

65.     Shortly after the FTC filed its complaint against Simple Health, ICD hired former United States Senator and former Governor of Nebraska E. Benjamin Nelson to act as its Chief Executive Officer.

66.     Similarly, at around the same time, ICD hired John Doak, former Oklahoma Insurance Commissioner, as Executive Vice President of Regulatory Affairs, and shortly thereafter promoted him to Chief Operating Officer.

67.     A short time later, ICD announced that Frank Keating, a former two-term govern of Oklahoma had joined ICD's Board of Advisors.

68.     All three of these former politicians were either aware of, or should have been aware of ICD's deceptive conduct.  It is inconceivable that these individuals did not know that ICD had improperly and dishonestly designated Arnold Cohen as their agent in charge even though these former politicians had to know that Arnold Cohen was not performing any services, let alone those required an agent in charge, on behalf of ICD.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

69.     Nevertheless, these former politicians willingly accepted hundreds of thousands of dollars per year in exchange for helping ICD conceal the true extent of its deceptive business practices.  Either these three individuals are all well aware of ICD's scheme and have condoned this unlawful and deceptive conduct, or they have been willfully blind to this conduct in return for large paychecks.

70.     Regardless, it seems that the FTC and state regulatory agencies are afraid to investigate ICD given its political connections.  As a result, consumers in California and across the United States have been harmed by Defendants' unscrupulous business practices, and new consumers will continue to be harmed in the future if this Court does not enjoin Defendants from engaging in false advertising and unlawful, unfair, and deceptive business practices.

71.     Plaintiffs, as competitors to Defendants, have also lost customers and potential customers as a result of Defendants' false and misleading advertising and deceptive bait-and-switch tactics.

## FIRST CAUSE OF ACTION

### (False Advertising Under the Lanham Act § 43(a), 15 U.S.C. 1125(a))

72.     Plaintiffs hereby restate the allegations set forth in Paragraphs 1 through 71, as if fully set forth herein.

73.     Defendants have distributed in this district, advertisements that contain false or misleading statements of fact regarding Defendants' services.  In connection with their services, Defendants have also used counterfeit marks of well-known health insurance providers which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of these well-known insurers with Defendants.

74.     Defendants' false and misleading advertising statements and false association injure both consumers and Plaintiffs.

75.     Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiffs, including injury to its business, reputation, and

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

goodwill, for which there is no adequate remedy at law.  As such, Plaintiffs are entitled to an injunction restraining Defendants, their agents, employees, representatives, and all persons acting in concert with them from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

76.    Plaintiffs are also entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' false advertising.

77.    Plaintiffs are further entitled to recover from Defendants the gains, profits, and advantages that they have obtained as a result of their false advertising, as well as the costs of this action.

78.    Moreover, considering the egregious nature of Defendants' conduct, Plaintiffs maintains that this is an exceptional case in which the Court should award Plaintiffs their reasonable attorney's fees.

## SECOND CAUSE OF ACTION – UNFAIR COMPETITION
### (Bus. & Prof. Code §§ 17200 *et seq.*)

79.    Plaintiffs hereby restate the allegations set forth in Paragraphs 1 through 71 as if fully set forth herein.

80.    This cause of action for unfair competition is brought to find and declare that Defendants' unfair, deceptive , untrue, and misleading advertising, including but not limited to Defendants use of counterfeit marks and bait-and-switch tactics constitute unfair competition in violation of, *inter alia*, Business and Professions Code Section 17200, California's Unfair Competition Law.

81.    Plaintiffs have lost money or property as a result of the unfair competition. Plaintiffs have had to expend time, energy and money, including but not limited to out-of-pocket payment of costs and expenses, towards investigating and defending their rights in response to Defendants' unfair competition.  Plaintiffs have also lost customers and prospective customers as a result of Defendants' unfair competition.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

82.     Plaintiffs have no adequate remedy at law.  Accordingly, Defendants' pattern of business activity in which it deceives unwary consumers by falsely advertising that Defendants are associated with well-known health insurance providers, that Defendants will help consumers find comprehensive medical insurance at a discounted price, and then either misrepresenting the true nature of the limited benefit plans that Defendants actually offer, or through bait-and-switch tactics selling limited benefit plans to consumers that were seeking comprehensive health insurance, should be preliminarily and permanently enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request a judicial judgment against Defendants as follows:

A.     A preliminary and permanent injunction against Defendants, including their officers, agents, servants, employees and attorneys, and those in active participation with them, restraining and enjoining them from engaging in false or misleading advertising with respect to insurance products  and/or violating Lanham Act§ 43(a), which relief includes but is not limited to removal of all false or misleading advertisements and corrective advertising to remedy the effects of Defendants' false advertising.

B.     That Defendants be adjudged to have violated 15 U .S.C. § 1125(a) by unfairly competing against Plaintiffs by using false, deceptive or misleading statements of fact that misrepresent their association with third-party insurance companies and that misrepresent the nature, quality, and characteristics of the plans offered by Defendants.

C.     That Defendants be adjudged to have unlawfully and unfairly competed against Plaintiffs under the laws of the State of California, Cal. Bus. & Prof. Code § 17200.

D.     A judgment awarding Plaintiffs damages in the amount that it is found

1    they have sustained as a result of Defendants' false advertising.

2    E.    A judgment awarding to Plaintiffs the amount of profits obtained by

3          Defendants as a consequence of Defendants' false advertising.

4    F.    That such damages and profits be trebled and awarded to Plaintiffs as a

5          result of Defendants' willful, intentional and deliberate violation of 15

6          U.S.C. § 1125(a).

7    G.    A judgment awarding Plaintiffs their attorney's fees as permitted by law.

8    H.    A judgment awarding Plaintiffs their costs and disbursements as

9          permitted by law.

10   I.    A judgment awarding Plaintiffs such other and further relief as this Court

11         deems just and proper.

12

13                    **<u>DEMAND FOR JURY TRIAL</u>**

14        Plaintiffs hereby request a jury trial on all issues to the extent permitted by

15   law.

16

17

18   Dated:    July 27, 2021              COZEN O'CONNOR

19

20                                        By: ____/s/Frank Gooch III_____

21                                            Frank Gooch III
                                              Attorneys for Plaintiffs
22                                            *McLaren Insurance Solutions LLC* and
                                              *Maxim Health, Inc.*

23

24

25

26

27

28

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401