| | |
|---|---|
| 1 | **BOIES SCHILLER FLEXNER LLP** |
| 2 | David Boies (Admitted Pro Hac Vice)<br>  dboies@bsfllp.com<br>333 Main Street |
| 3 | Armonk, NY  10504<br>Telephone:  (914) 749-8200 |
| 4 | Facsimile:  (914) 749-8300 |
| 5 | **KENDALL BRILL & KELLY LLP** |
| 6 | Robert E. Dugdale (167258)<br>  rdugdale@kbkfirm.com |
| 7 | Nicholas F. Daum (236155)<br>  ndaum@kbkfirm.com |
| 8 | 10100 Santa Monica Blvd., Suite 1725<br>Los Angeles, California 90067 |
| 9 | Telephone:  (310) 556-2700<br>Facsimile:   (310) 556-2705 |
| 10 | Attorneys for Defendants ABS Healthcare |
| 11 | Services, LLC, Health Option One, LLC,<br>and My Agent Solution, LLC |
| 12 | (Additional counsel listed on the following page) |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | | |
|---|---|---|
| 16 | MCLAREN INSURANCE SOLUTIONS, LLC, a California limited liability company, and MAXIM HEALTH, INC., a California corporation, | Case No. 2:21-cv-06066-MWF (AFM) |
| 17 | | **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| 18 | | |
| 19 |              Plaintiffs, | Judge:       Michael W. Fitzgerald<br>Courtroom:  5A |
| 20 |       v. | First Amended |
| 21 | ABS HEALTHCARE SERVICES, LLC, a Florida limited liability company, HEALTH OPTION ONE, LLC, a Florida limited liability company, MY AGENT SOLUTION, LLC, a Florida limited liability company, and DOES 1 through 20, inclusive, | Complaint Filed:    12/13/21<br>Trial Date:              TBD |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 |              Defendants. | |

603325552

Additional counsel for Defendants:

**EDINGER LEONARD & BLAKLEY, PLLC**
Ryan Leonard (Admitted Pro Hac Vice)
   rleonard@elbattorneys.com
6301 N. Western Avenue, Suite 250
Oklahoma City, OK  73118
Telephone: (405) 702-9900
Facsimile:  (405) 605-8381

**BOIES SCHILLER FLEXNER LLP**
Edward H. Takashima (SBN 270945)
   etakashima@bsfllp.com
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017
Tel:  (213) 629-9040
Fax:  (213) 629-9022

Defendants ABS Healthcare Services, LLC ("ABS"), Health Option One, LLC ("HOC"), and My Agent Solution, LLC ("MAS") (collectively "Defendants"), by and through its undersigned counsel, answers the First Amended Complaint of Plaintiffs McLaren Insurance Solutions, LLC ("McLaren"), and Maxim Health, Inc. ("Maxim") (collectively "Plaintiffs"), as set forth below.

To the extent not specifically admitted herein, all allegations of the First Amended Complaint are denied. Further, Defendants specifically deny any factual or legal allegations in headings and footnotes used in the First Amended Complaint.[1] To the extent any allegation relates to persons and/or entities other than the Defendants, Defendants deny that such allegations support any claim for relief against the Defendants. To the extent any allegations state legal conclusions, no response is required and no answer should be construed as a response to or any agreement with any legal assertion, all of which are specifically denied. Defendants reserve the right to amend and/or supplement this Answer.

## FIRST AMENDED COMPLAINT

1. Defendants deny the allegations of Paragraph 1.

2. Defendants deny the allegations of Paragraph 2.

3. Defendants admit that some consumers who utilized websites referenced in the First Amended Complaint entered personal information, including their phone number and email address, and those consumers may have been subsequently contacted by a call center and provided with information concerning appropriate insurance plans depending upon the consumers' circumstances. Otherwise, Defendants deny the allegations of Paragraph 3.

4. Defendants deny the allegations of Paragraph 4.

---

[1] Any section headings and subheadings included herein are included only for purposes of clarity and organization, and Defendants do not admit any factual or legal allegations included therein.

5. Defendants deny the allegations of Paragraph 5.

6. Defendants deny the allegations of Paragraph 6.

7. Plaintiffs' allegations in Paragraph 7 are comprised of legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

8. Defendants admit that Arnold Cohen provided deposition testimony in a different case that does not involve either McLaren or Maxim. Mr. Cohen's testimony in that case should be read in the context of the questions asked, the objections raised, and other circumstances pertinent to the testimony. Defendants otherwise deny the allegations of Paragraph 8.

9. Defendants admit that Arnold Cohen provided deposition testimony in a different case that does not involve either McLaren or Maxim. Mr. Cohen's testimony in that case should be read in the context of the questions asked, the objections raised, and other circumstances pertinent to the testimony. Defendants otherwise deny the allegations of Paragraph 9.

10. Defendants admit that Arnold Cohen provided deposition testimony in a different case that does not involve either McLaren or Maxim. Mr. Cohen's testimony in that case should be read in the context of the questions asked, the objections raised, and other circumstances pertinent to the testimony. Defendants otherwise deny the allegations of Paragraph 10.

11. Plaintiffs' allegations in Paragraph 11 are comprised of legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

12. Defendants lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 12 regarding other parties, and, as to allegations made against Defendants, Defendants deny those allegations.

13. Defendants deny the allegations of Paragraph 13.

14. Defendants admit that ICD hired the Honorable E. Benjamin Nelson, a

former United States Senator and Governor, to serve as its Chief Executive Officer in May 2019.  Otherwise, Defendants deny the allegations of Paragraph 14.

15.	Defendants deny the allegations of Paragraph 15.

16.	Defendants admit that the Honorable E. Benjamin Nelson is committed to ensuring that ICD operates at the highest level of integrity and ethics.  Defendants otherwise deny the allegations of Paragraph 16.

17.	Defendants admit that the Honorable E. Benjamin Nelson is committed to ensuring that ICD operates at the highest level of integrity and ethics.  Defendants otherwise deny the allegations of Paragraph 17.

18.	Defendants admit that John Doak, who served as the State of Oklahoma's 12th Insurance Commissioner between 2011 and 2019, was hired by ICD in May 2019 to serve as its Executive Vice-President of Regulatory Affairs and Business Development, and that he was later promoted to serve as ICD's Chief Operating Officer.  Otherwise, Defendants deny the allegations of Paragraph 18.

19.	Defendants admit that ICD issued a press release announcing the promotion of Mr. Doak to the position of Chief Operating Officer at ICD and the hiring of Christa Rapoport as General Counsel and Chief Compliance Officer at the company, and that the contents of that press release speak for themselves.  Defendants further admit that ICD invests in talent, technology, and compliance management to protect consumers and ensure regulatory compliance.  Defendants otherwise deny the allegations of Paragraph 19.

20.	Defendants deny the allegations of Paragraph 20.

21.	Defendants admit that ICD is committed to ensuring that ICD operates at the highest level of legal and ethical standards.  Defendants otherwise deny the allegations of Paragraph 21.

22.	Defendants admit that ICD hired Mr. Doak and Mrs. Rapoport to help ICD ensure regulatory compliance.  Defendants otherwise deny the allegations of Paragraph 22.

23. Defendants lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 23 regarding other parties, and, as to allegations made against Defendants, Defendants deny those allegations. To the extent that the allegations of Paragraph 23 state legal conclusions, no response is required.

24. Defendants deny the allegations of Paragraph 24. To the extent that the allegations of Paragraph 24 state legal conclusions, no response is required.

25. Plaintiffs' allegations in Paragraph 25 are comprised of legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

26. Defendants admit that McLaren appears to be registered as a California limited liability company that purports to have its principal place of business located in an apartment unit in Los Angeles County, California. Defendants otherwise lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27.

28. Defendants admit that ABS is a Florida limited liability company that is licensed by the State of California to solicit insurance business in California and which does, in fact, solicit business in California. Otherwise, Defendants deny the allegations of Paragraph 28. To the extent the allegations of Paragraph 28 state a legal conclusion, no response is required.

29. Defendants admit that HOO is a Florida limited liability company that is licensed by the State of California to solicit insurance business in California and which does, in fact, solicit business in California. Otherwise, Defendants deny the allegations of Paragraph 29. To the extent the allegations of Paragraph 29 state a legal conclusion, no response is required.

30. Defendants admit that MAS is a Florida limited liability company that is licensed by the State of California to solicit insurance business in California and

which does, in fact, solicit business in California. Otherwise, Defendants deny the allegations of Paragraph 30. To the extent the allegations of Paragraph 30 state a legal conclusion, no response is required.

31. Plaintiffs' allegations in Paragraph 31 are comprised of legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

32. The content of the website at issue speaks for itself. Defendants deny that Paragraph 32 accurately describes the content of that website, and Defendants otherwise deny the remaining allegations of Paragraph 32.

33. The content of the website at issue speaks for itself. Defendants deny that Paragraph 33 accurately describes the content of that website, and Defendants otherwise deny the remaining allegations of Paragraph 33.

34. Plaintiffs' allegations in Paragraph 34 are comprised of legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

35. Plaintiffs' allegations in Paragraph 35 are comprised of legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations.

36. Defendants lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 36.

37. Defendants lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 37 regarding other parties, and, as to allegations made as to Defendants, Defendants deny those allegations. To the extent that the allegations of Paragraph 37 state legal conclusions, no response is required.

38. Plaintiffs' allegations in Paragraph 38 are comprised of legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 38 as to other parties, and, as to allegations made as to

603325552
7
DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, Defendants deny those allegations.

39. Defendants admit that a letter was sent to Mr. Tierney in April 2020 from the law firm of Boies Schiller Flexner LLP, the contents of which speak for themselves, and otherwise deny the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants deny the allegations of Paragraph 41. To the extent the allegations of Paragraph 41 state a legal conclusion, no response is required.

42. Defendants deny the allegations of Paragraph 42. To the extent the allegations of Paragraph 42 state a legal conclusion, no response is required.

43. Defendants lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 43 as to other parties, and, as to allegations made as to Defendants, Defendants deny those allegations.

44. Defendants lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 44 as to other parties, and as to allegations made as to Defendants, Defendants deny those allegations.

45. Defendants admit there was a global pandemic in March 2020. Otherwise, Defendants lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 45 as to other parties, and, as to allegations made as to Defendants, Defendants deny those allegations.

46. Defendants lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 46 as to other parties, and, as to allegations made as to Defendants, Defendants deny those allegations.

47. Defendants lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 47.

48. Defendants lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 48.

49. Defendants lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 49.

50. Defendants deny that Paragraph 50 presents an accurate or complete description of Defendants' business activities and thus deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants admit that, in California, there is an marketplace known as CoveredCA.com. Defendants otherwise lack knowledge and information to form a sufficient basis to admit or deny the allegations of Paragraph 54.

55. The content of the website "health-exchange.com" speaks for itself. Defendants deny that Paragraph 55 accurately describes the content of that website, and Defendants otherwise deny the remaining allegations of Paragraph 55.

56. The content of the website "health-exchange.com" speaks for itself. Defendants deny that Paragraph 56 accurately describes the content of that website, and Defendants otherwise deny the remaining allegations of Paragraph 56.

57. The content of the website "health-exchange.com" speaks for itself. Defendants deny that Paragraph 57 accurately describes the content of that website, and Defendants otherwise deny the remaining allegations of Paragraph 57.

58. Plaintiffs' allegations in Paragraph 58 are comprised of legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

59. The content of the website at issue speaks for itself. Defendants deny that Paragraph 59 accurately describes the content of that website, and Defendants otherwise deny the remaining allegations of Paragraph 59.

60. The content of the website at issue speaks for itself. Defendants deny that Paragraph 60 accurately describes the content of that website, and Defendants otherwise deny the remaining allegations of Paragraph 60.

61. The content of the website at issue speaks for itself. Defendants deny

that Paragraph 61 accurately describes the content of that website, and Defendants otherwise deny the remaining allegations of Paragraph 61.

62. The content of the website at issue speaks for itself. Defendants deny that Paragraph 62 accurately describes the content of that website, and Defendants otherwise deny the remaining allegations of Paragraph 62.

63. The content of the website at issue speaks for itself. Defendants deny that Paragraph 63 accurately describes the content of that website, and Defendants otherwise deny the remaining allegations of Paragraph 63.

64. Defendants admit that consumers who visit some of the websites referenced in the First Amended Complaint may, at the consumer's request, be contacted by an individual who asks questions to determine the type of insurance plan the consumer may be eligible to purchase or may wish to purchase. Otherwise, Defendants deny the remaining allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

67. Defendants deny that they operate each of the 10 websites listed in Paragraph 67.

68. Defendants deny the allegations of Paragraph 68.

69. Defendants deny the allegations of Paragraph 69.

70. Plaintiffs' allegations in Paragraph 70 comprise of legal conclusions. To the extent a response is required, Defendants deny those allegations.

71. Defendants admit that Arnold Cohen provided deposition testimony in a different case that does not involve either McLaren or Maxim. Mr. Cohen's testimony in that case should be read in the context of the questions asked, the objections raised, and other circumstances pertinent to the testimony. Defendants otherwise deny the allegations of Paragraph 71.

72. Defendants admit that Arnold Cohen provided deposition testimony in a different case that does not involve either McLaren or Maxim. Mr. Cohen's testimony

in that case should be read in the context of the questions asked, the objections raised, and other circumstances pertinent to the testimony. Defendants otherwise deny the allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

74. Defendants deny the allegations of Paragraph 74.

75. Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76.

77. Defendants deny the allegations of Paragraph 77.

78. Defendants deny the allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

80. Defendants admit that ICM has hired two former governors, one of whom also served as a U.S. Senator, and a former state insurance commissioner. Defendants otherwise deny the allegations of Paragraph 80.

81. Defendants admit that ICD hired the Honorable E. Benjamin Nelson, a former Governor and United States Senator, to serve as its Chief Executive Officer in May 2019. Otherwise, Defendants deny the allegations of Paragraph 81.

82. Defendants admit that John Doak, former Oklahoma Insurance Commissioner, was hired by ICD in May 2019 to serve as its Executive Vice-President of Regulatory Affairs and Business Development, and that he was later promoted to serve as ICD's Chief Operating Officer. Otherwise, Defendants deny the allegations of Paragraph 82.

83. Defendants admit that Frank Anthony Keating II, a former governor of Oklahoma, joined ICD's Board of Advisors in June 2019. Otherwise, Defendants deny the allegations of Paragraph 83.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85.

86. Defendants deny the allegations of Paragraphs 86.

87. Defendants deny the allegations of Paragraph 87.

# FIRST CAUSE OF ACTION

**(False Advertising Under the Lanham Act § 43, 15 U.S.C. § 1125(a))**

88. No response is required to paragraph 88, but, to the extent a response is required, Defendants expressly incorporate by reference their answers set forth in the preceding paragraphs.

89. Defendants deny the allegations of paragraph 89. To the extent the allegations of this paragraph state a legal conclusion, no response is required.

90. Defendants deny the allegations of paragraph 90. To the extent the allegations of this paragraph state a legal conclusion, no response is required.

91. Defendants deny the allegations of paragraph 91. To the extent the allegations of this paragraph state a legal conclusion, no response is required.

92. Defendants deny the allegations of paragraph 92. To the extent the allegations of this paragraph state a legal conclusion, no response is required.

93. Defendants deny the allegations of paragraph 93. To the extent the allegations of this paragraph state a legal conclusion, no response is required.

94. Defendants deny the allegations of paragraph 94. To the extent the allegations of this paragraph state a legal conclusion, no response is required.

# SECOND CAUSE OF ACTION

**(Bus. & Prof. Code §§ 17200 *et seq.*)**

95. No response is required to paragraph 95, but, to the extent a response is required, Defendants expressly incorporate by reference their answers set forth in the preceding paragraphs.

96. Defendants deny the allegations of paragraph 96. To the extent the allegations of this paragraph state a legal conclusion, no response is required.

97. Defendants deny the allegations of paragraph 97. To the extent the allegations of this paragraph state a legal conclusion, no response is required.

98. Defendants deny the allegations of paragraph 98. To the extent the allegations of this paragraph state a legal conclusion, no response is required.

## PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny Plaintiffs are entitled to obtain any of the relief set forth in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Unclean Hands)**

The claims are barred and/or limited by the equitable doctrine of unclean hands.

### SECOND AFFIRMATIVE DEFENSE

**(Estoppel)**

The claims are barred and/or limited by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

**(Acquiescence)**

The claims are barred and/or limited by the equitable doctrine of acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The claims fail to state a claim upon which relief can be granted, and/or lack any basis in law or fact, and are not pled with particularity.

### FIFTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

The claims fail because Plaintiffs lack standing to bring such claims under the Lanham Act, under California's Unfair Competition Law, and/or under Article III of the Constitution of the United States.

### SIXTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The claims fail, in whole or in part, because they are barred by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

The claims fail, in whole or in part, because they are barred by the equitable doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Issue and Claim Preclusion)

The claims fail, in whole or in part, because they are barred by the doctrines of issue and/or claim preclusion (collateral estoppel and res judicata).

## NINTH AFFIRMATIVE DEFENSE
### (Judicial Estoppel)

The claims fail, in whole or in part, because they are barred by the doctrine of judicial estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (First Amendment)

The claims fail, in whole or in part, because Defendants' conduct was in furtherance of rights protected by the First Amendment to the Constitution of the United States.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Entitlement to Injunctive Relief)

The claims for injunctive relief fail because plaintiffs have failed to show an entitlement to injunctive relief, because, without limitation, there is no showing of irreparable harm, because plaintiffs' injury (if any) can be adequately compensated via payment of money damages, because the balance of the equities do not tip in favor of injunctive relief, and because injunctive relief would not be in the public interest.

## TWELFTH AFFIRMATIVE DEFENSE

## (Lack of Entitlement to Enhanced Damages)

Plaintiffs are not entitled to any monetary damages, but particularly not to enhanced damages, because there was no willful, intentional or deliberate wrongdoing by Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (Lack of Entitlement to Attorneys' Fees)

Plaintiffs are not entitled to recover attorneys' fees or costs.

## FOURTEENTH AFFIRMATIVE DEFENSE

## (Failure to Mitigate)

Damages, if any, that Plaintiffs may recover should be reduced due to Plaintiffs' failure to mitigate such damages.

WHEREFORE, Defendants respectfully request that the Court enter a judgment in their favor against Plaintiffs as follows:

(a) That Plaintiffs' causes of action be dismissed in their entirety, with prejudice;

(b) That Defendants recover their costs of suit and attorneys' fees incurred herein, as permitted by law;

(c) For such other relief that the Court deems just and proper.

DATED: January 10, 2022        Respectfully submitted,

KENDALL BRILL & KELLY LLP


By:   s/ Robert E. Dugdale
Robert E. Dugdale
Attorneys for Defendants ABS Healthcare Services, LLC, Health Option One, LLC, and My Agent Solution, LLC